962 So.2d 968 (2007)
Curtis Lamar PAIGE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-713.
District Court of Appeal of Florida, Fourth District.
July 25, 2007.
*969 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant was found after trial to be a sexually violent predator under the Jimmy Ryce Act, and argues that the trial court erred in allowing Dr. Karen Parker, the clinical director for Florida's Sexually Violent Predator Program, to testify about the screening process used to determine when a Ryce Act petition should be filed against an individual. Appellant relies on Marshall v. State, 915 So.2d 264 (Fla. 4th DCA 2005), in which the trial court had admitted statistical evidence as to the number of sexual offenders who had been referred to be considered for Ryce Act proceedings, the number screened, and the fact that only 5.4 percent of the individuals initially considered were ultimately recommended for Ryce Act proceedings.
The present case is distinguishable in that no statistics were discussed. In this case Dr. Parker testified, without reference to prescreening statistics, about the process leading up to the decision to have appellant evaluated by two psychologists who diagnosed appellant with pedophilia and testified that in their opinions he would commit future acts of sexual violence.
In Ortega-Mantilla v. State, 898 So.2d 1164 (Fla. 3d DCA 2005), the court ruled that Dr. Parker's testimony regarding the screening process for commencement of a civil commitment proceeding was erroneously admitted because the information was irrelevant to the issue, just as a State Attorney's testimony about the screening process used to determine whether to file charges against arrestees would be irrelevant in a criminal trial. We agree with Ortega-Mantilla that the screening process should not have been admitted; however, we are unpersuaded by appellant that the evidence was harmful.
Affirmed.
KLEIN, STEVENSON and MAY, JJ., concur.