District Court Of Appeal Of The State Of Florida
Fourth District
*July Term 2014*

**REYNOLDS BROOKS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-3949

[July 30, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward H. Fine, Judge; L.T. Case No. 12CF900002AMB.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

A jury found Appellant to be a sexually violent predator ("SVP"), and the trial court granted the State's petition to involuntarily commit Appellant for treatment as a Jimmy Ryce Act SVP. Appellant argues that the trial court abused its discretion and erred in overruling the defense's objection to brief statistical testimony about the Jimmy Ryce Act screening process. Although there is some merit to Appellant's argument, we affirm the trial court's involuntary commitment order.

This court has previously addressed similar testimony and found the "testimony regarding the multidisciplinary team's commitment recommendation statistics was not relevant," as it "had no probative value in determining whether [the defendant] met the statutory criteria for commitment as a sexually violent predator." *Marshall v. State*, 915 So. 2d 264, 268 (Fla. 4th DCA 2005), *receded from on other grounds by Special v. Baux*, 79 So. 3d 755 (Fla. 4th DCA 2011); *see also Paige v. State*, 962 So. 2d 968, 969 (Fla. 4th DCA 2007) (testimony regarding the civil commitment screening process is inadmissible on grounds of relevancy);

*Ortega-Mantilla v. State*, 898 So. 2d 1164, 1167 (Fla. 3d DCA 2005) ("[T]estimony regarding the process used in filing the petition for civil commitment against the [defendant] was irrelevant because the sole issue in this case was whether the [defendant] could be classified as a sexually violent predator."). *Marshall*, *Paige*, and *Ortega-Mantilla* are the three cases relied upon by Appellant in arguing for reversal. However, in each of those cases, the reviewing court ultimately found the error to be harmless. *Marshall*, 915 So. 2d at 268; *Paige*, 962 So. 2d at 969; *Ortega-Mantilla*, 898 So. 2d at 1167 (finding the error was harmless as "testimony was not made a feature of the trial, nor was it repeated by either side during closing arguments"). Similarly, we find any such error on the part of the trial court in the instant case to be harmless, and that competent and substantial evidence supports the trial court's commitment order. Nonetheless, we caution prosecutors in future commitment trials to refrain from attempting to introduce this type of evidence, as it has been firmly established that such evidence is inadmissible under the circumstances found in this case.

*Affirmed.*

DAMOORGIAN, C.J., and TAYLOR, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2